UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., <br><br> Defendants. | Civil No.   09cv0140-DMS (CAB) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES** <br><br> **[Doc. No. 161]** |

Before the Court is defendant National Union Fire Insurance Company's ("National") motion to compel a further Rule 26 disclosure and responses to interrogatories from plaintiff Fidelity National Financial Inc. ("Fidelity"). [Doc. No. 161.] Fidelity opposed the motion. [Doc. No. 169.] The Court held a telephonic hearing on January 12, 2011. Andrew Agati, Esq., appeared for Fidelity. Kenneth Watnick, Esq., appeared for National. Having considered the submissions of the parties and the arguments of counsel, the motion is **GRANTED** in part and **DENIED** in part.

This is a breach of contract case. Fidelity is insured by National under a Financial Institution Bond No. 494-69-89. In 2008, Fidelity provided National with a collection of 31 proofs of loss for claimants who alleged to have suffered damages as a result of a fraud scheme involving investments in connection with a condominium project generally referred to as Crown Point. [Doc. No. 161 at 2.] The

proofs collectively exceeded the policy limit and Fidelity requested coverage under the bond and payment. National did not pay and on September 15, 2008, Fidelity sued National for breach of contract and other counts. The action was transferred to this District and shortly thereafter stayed while the alleged fraud that resulted in the damages was investigated. In July 2010, Fidelity reported to the Court that all claims of all parties in the underlying fraud actions had been resolved and requested the stay be lifted in this coverage case. [Doc. No. 144.]

The fraud claims evolved during the underlying litigation and on December 28, 2009, Fidelity withdrew the original 31 proofs of loss and submitted 11 revised proofs of loss. [Doc. No. 161 at 2 & Ex. 5-15 lodged in supp. of National's mot.] It is the Court's understanding based on Fidelity's report these 11 claims have been resolved, that this litigation seeks a determination these the claims are covered by the bond, damages for the amounts paid to the claimants, and an additional determination that National's failure to tender payment in 2008 was in bad faith and related damages for that claim.

Rule 26 requires a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii). In November 2010, Fidelity supplemented its initial disclosures and identified the revised proofs of loss submitted to National on December 28, 2009 as the computation of its damages for payments owed under the bond, with an additional supplementation as to two of the proofs. [Ex. 1 lodged in supp. of National's mot.] National contends that this computation is insufficient and should be further supplemented.

Having reviewed the revised proofs of loss, the Court finds the request reasonable. The revised proofs were submitted in December 2009. As of July 2010, all the underlying claims were resolved. By November 2010, Fidelity was in a position to supplement its computation disclosure regarding payments owed under the bond with greater specificity than it had a year earlier. National's motion to compel further supplementation of Fidelity's Rule 26 computation of damages disclosure is **GRANTED**. Fidelity will disclose and identify the amounts paid each claimant that it contends is covered by the bond and provide the specific amount attributable to each transaction identified in the proofs of loss, no later than **February 7, 2011**.

Additionally. on November 24, 2010, Fidelity served responses to National's Second Set of Interrogatories. National seeks further responses of Interrogatories Nos. 12, 14, 19, and 21 through 28.

[Ex. 2 lodged in supp. of National's mot.]

With regard to Interrogatory No. 14, Fidelity's response identifies a particular set of documents from which it asserts National may determine its response. National has not stated why this identification is inadequate for it to ascertain the requested information. The motion with regard to a further response to Interrogatory No. 14 is **DENIED**.

As to Fidelity's responses to Interrogatories Nos. 12, 19 and 21 through 28, the motion is **GRANTED**. Federal Rule of Civil Procedure 33(d) permits a party responding to an interrogatory to answer by specifying a party's business records from which the answer can be ascertained. With regard to these responses, Fidelity identified some business documents but additionally included thousands of pages of discovery including deposition transcript pages as part of its response. These responses are a misuse of the business records option as a discovery response to an interrogatory. Fidelity will provide a verified narrative statement responding to each of these interrogatories no later than **February 18, 2011**. All objections, except attorney-client privilege, are deemed a waived and full and complete responsive answers will be provided.

**IT IS SO ORDERED.**

DATED: February 1, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge