UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC.; CHICAGO TITLE INSURANCE COMPANY; and CHICAGO TITLE COMPANY,<br><br>  Plaintiffs,<br><br>  v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; ACE AMERICAN INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; and DOES 1 through 25, inclusive,<br><br>  Defendants. | Civil No.   09cv0140-DMS (CAB)<br><br>**ORDER (1) DENYING MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 1, 2011 ORDER [DOC. NO. 189]; (2) GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL [DOC. NO. 197]; AND (3) GRANTING MOTION TO FILE OPPOSITION UNDER SEAL [DOC. NO. 199]** |

Before the Court is defendant National Union Fire Insurance Company's ("National") motion to compel discovery responses from plaintiff Fidelity National Financial Inc.'s ("Fidelity"). [Doc. No. 197.] Fidelity opposed the motion. [Doc. No. 200.[1]] National filed a reply. [Doc. No. 202.] The Court held a telephonic hearing on April 6, 2011. Andrew Agati, Esq., appeared for Fidelity.

---

[1] An unredacted copy of Fidelity's opposition was lodged separately with Chambers. Fidelity's motion to file under seal confidential portions of their opposition [Doc. No. 199] is **HEREBY GRANTED.**

1

Kenneth Watnick, Esq., appeared for National. Having considered the submissions of the parties and the arguments of counsel, the motion to compel [Doc. No. 197] is **GRANTED in Part** and **DENIED in Part.**

A. Supplemental Responses to Interrogatories Nos. 12, 19 and 21-28.

As a result of a previous discovery motion brought by National, the Court ordered Fidelity to supplement its responses to Interrogatories Nos.12, 19 and 21-28 propounded by National no later than February 18, 2011, and further ordered that all objections other than attorney-client privilege objections were waived. [Doc. No. 177.] Fidelity served the supplemental responses on February 18, 2011, however the responses included lengthy objections contrary to the Court's Order. National moves for an order compelling Fidelity to provide the responses without objections as previously ordered.

On February 18, 2011, in conjunction with its service on National of the Court-ordered supplemental discovery responses, Fidelity filed a request for the Court to reconsider, in part, the order compelling the supplemental responses. [Doc. No. 189.] Specifically, Fidelity requested that it be permitted to re-instate all its objections. [Id. at 5.] Fidelity argued that on January 13, 2011, the day following the hearing on National's initial motion to compel, Fidelity received discovery from National it believed would have impacted the Court's decision. [Id. at 2.] Had Fidelity been able to include this information in its opposition to the motion to compel, Fidelity contends the Court would have reached a different conclusion, and at least would not have held the objections waived. Fidelity's request for reconsideration [Doc. No. 189] of the Court's February 1, 2011 Order [Doc. No. 177] is **DENIED.**

The discovery received by Fidelity on January 13, 2011, indicating that National conducted an analysis of the escrow transactions at issue in this lawsuit, would not have relieved Fidelity from its obligations to provide interrogatory responses describing Fidelity's claims in the case. The fact that the defendant has performed its own investigation and analysis, does not make the propounding of contention interrogatories on the plaintiff to explain its claims in the case cumulative or duplicative. Further the Court found the initial responses provided by Fidelity to be an abuse of the Fed.R.Civ.P. 33(d) allowing an interrogatory to be answered by directing the propounding party to specific business

records from which the answer can be ascertained. Fidelity's initial responses referred National to thousands of pages of discovery without any specificity. Fidelity's assertions regarding newly obtained information does not alter the Court's previous order compelling the supplemental responses without objections.

Further the request for reconsideration was not made in timely manner. Fidelity states it became aware of the new information on January 13, 2011. The Court's Order on National's motion to compel did not issue until February 1, 2011 and the supplemental responses were not due until February 18, 2011. During the 36 days that expired between obtaining the information upon which it sought reconsideration and the due date for the supplemental responses, Fidelity took no steps to bring its "new information" to the Court's attention. Instead Fidelity chose to wait until the date the supplemental responses were due and to serve responses that were not in compliance with the Court's order and seek relief for having done so after the fact. There is no explanation for the delay, it is not excused and constitutes a separate ground for denying the request for reconsideration.

National's motion to compel further responses without objections is **GRANTED** as follows. Fidelity's supplemental responses served on February 18, 2011 are restricted to the narrative responses ordered by the Court. All objections, other than attorney-client privilege objections, contained in the supplemental responses to Interrogatories Nos. 12, 19, 21-28, are stricken from the responses. Fidelity's responses to these interrogatories are limited to the following:[2]

Interrogatory 12 - page 7, line 6 through page 8, line 17.

Interrogatory 19 - page 12, line 23 through page 16, line 9.

Interrogatory 21 - page 20, line 11 through page 24, line 7.

Interrogatory 22 - page 30, line 17 through page 34, line 8.

Interrogatory 23 - page 36, lines 18-19.

Interrogatory 24 - page 41, line 20 through page 46, line 1.

Interrogatory 25 - page 50, line 5 through page 54, line 10.

---

[2] Page and line designations correspond to the Plaintiff's Supplemental Responses, lodged with the Court as Exhibit 4 to the Declaration of Kenneth D. Watnick, in support of Defendant's Motion to Compel.

       Interrogatory 26 - page 58, line 11 through page 61, line 6.

       Interrogatory 27 - page 66, line 1 through page 71, line 17.

       Interrogatory 28 - page 75, line 23 through page 79, line 10.

This Order, however, does not preclude Fidelity from supplementing these responses based on newly acquired information (i.e., information obtained after February 18, 2011) as discovery continues.

B. Supplemental Responses to Production Requests Nos. 114 through 124.

National propounded discovery requests on Fidelity regarding the negotiation, settlement and allocations of payments related to the claims in this case made with a third party insurer. Fidelity objected based on confidentiality grounds. After the motion was filed, Fidelity produced 20 pages and a privilege log in response to the request. National argues that the production is still incomplete and the withheld documents should be produced, and can be produced subject to the protective order in this case if necessary.

National's motion to compel further responses to Requests Nos. 114 through 124 is **DENIED** without prejudice. Fidelity represented it withheld otherwise responsive documents based on "mediation privilege." After review of Fidelity's privilege log, National may renew its motion to compel if it determines the asserted privilege(s) should not bar productions.

With regard to the concerns Fidelity raised regarding National's inclusion in its motion and reply of certain of the terms of the agreement reached with the third party, the Court finds no violation of the Protective Order. First, the exhibits referenced in National's papers were not publicly filed, but were lodged directly with the Court, in accordance with Chamber's rules, so no public disclosure of confidential information occurred. Second, with regard to the information disclosed in the publicly filed motion and reply, National has sufficiently demonstrated that the information is publicly available in plaintiff's SEC filings [Doc. No. 202 at 4-5] and is therefore no longer confidential.

C. Supplemental Responses to Interrogatory No. 38 and Production Request No. 138.

In its Interrogatory No. 38 and Production Request No.. 138, National seeks information regarding whether any of the escrow transactions in the revised proofs of loss were of a particular nature and the amounts involved. Fidelity objected that the requests were argumentative based on the

definition of the transactions contained within the requests. The parties failed to resolve this during their meet and confer efforts, however, during the telephonic hearing the parties mutually agreed that the requests would be modified as follows:

Interrogatory No. 38:

For each alleged unauthorized escrow transaction RELATING to NORTON and/or the CROWN POINT CONDOMINIUMS that YOU claim is subject to coverage under the BOND, identify whether the transaction was one in which funds were directed to be deposited into escrow representing the buyer's purposed down payment, then confirmed to the lender that the buyer's deposit had been received, and then the deposit was immediately refunded often before the close of escrow, and for each such escrow transaction state the amount that was involved.

Document Request No. 138:

All DOCUMENTS that identify escrow transactions that are part of YOUR claim for coverage under the BOND, in which funds were directed to be deposited into escrow representing the buyer's purposed down payment, then confirmed to the lender that the buyer's deposit had been received, and then the deposit was immediately refunded often before the close of escrow, and the amounts involved in the transaction.

Plaintiff will provide responses **no later than April 28, 2011.** Defendant's motion to compel is **DENIED** without prejudice.

DATED: April 8, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge