UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., et al.,<br><br>                                        Plaintiffs,<br><br>            v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al.,<br><br>                                        Defendants. | Civil No.    09cv0140-AJB (CAB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A CMC CONCERNING BRANDT FEES ONLY**<br>**[Doc. No. 208]** |

On April 15, 2011, plaintiff Fidelity National Financial Inc. ("Fidelity") filed an application requesting a Case Management Conference to address the schedule for production of proof related to its *Brandt* fee claim. [Doc. No. 208.] Defendant National Union Fire Insurance Company ("National") filed a response on April 29, 2011. [Doc. No. 216.] The Court addressed the matter during a telephonic hearing on May 3, 2011. Andrew Agati, Esq., and Oliver Dunford, Esq., appeared for Fidelity. Kenneth Watnick, Esq., appeared for National.

Fidelity claims National acted in bad-faith with regard to its insurance claim. Under California law, if Fidelity proves its bad-faith claim, it can recover as damages the expenses incurred in proving entitlement to the benefits, known as *Brandt* fees. *Brandt v. Standard Ins. Co.*, 37 Cal. 3d 813 (1985). Consequently Fidelity's reasonable attorneys' fees may be recoverable as an economic loss. Fidelity

identified in its Rule 26 Disclosures that it would seek recovery of fees and expenses as damages, but indicated it would not currently make available its legal bills to establish the amount sought "because they are protected by the attorney-client privilege and work product doctrine." [Doc. No. 208 at 1.]

National responded that Fidelity's assertion of the privilege barring National from examining the evidence related to Fidelity's claim should result in Fidelity being precluded from asserting that claim at trial. [Doc. No. 216.] National, however, never raised the issue with the Court and preclusion is not justified in this case.

Fidelity has put its fees at issue in this litigation by identifying them as damages it will seek. Having done so, Fidelity has waived any claim of privilege. *Concept Enterprises, Inc., v. Hartford Ins., Co of the Midwest*, 2001 U.S. Dist. LEXIS 6901 *28 (C.D. Cal., May 21, 2001.) Fidelity requests delaying production of this information until after any dispositive motions on the question of bad-faith are decided. There are, however, no such motions pending to justify the requested delay. Fact discovery closes in this case on May 20, 2011. If Fidelity seeks to recover fees and expenses as damages, it should produce the evidence by that date. Fidelity's request is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 5, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge