UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELTY NATIONAL FINANCIAL, INC., CHICAGO TITLE INSURANCE CO., and CHICAGO TITLE CO.,<br><br>Plaintiffs,<br>vs.<br>NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURG, PA,<br><br>Defendant. | CASE NO. 09-CV-140-GPC-KSC<br><br>ORDER RE:  PENDING MOTIONS |

In October 2012, two summary judgment motions accompanied by four *Daubert* motions were transferred to the under-signed judge.  [Doc. Nos. 319, 320, 321, 324, 325, 326].  Thereafter, Magistrate Judge Karen S. Crawford denied Plaintiffs' motion for sanctions against Defendant,[1] and Plaintiffs appeal that decision.  [Doc. Nos. 395 & 398]

The Court will notify counsel of a hearing date in the near future.  In the interim, the Court resolves three housekeeping matters.

First, Plaintiffs filed briefs with their motions for partial summary judgment and motion to exclude Dean Felton's testimony, and subsequently submitted "notices of errata" containing a list of several changes to the briefs and attaching corrected exhibits.  [Doc. Nos. 324-1, 326-1, 337, & 388]  Local Civil Rule 15.1 states that an amended document "must be retyped and filed so that it is complete in

---

[1] The other four defendants have been dismissed.  [Doc. Nos.  120, 121, & 142]

1  itself without reference to the superseded pleading." While the Court will accept
2  the corrected exhibits in the form submitted, Plaintiffs shall, within seven days, file
3  a "First Amended Memorandum of Points of Authorities in Support of Plaintiffs'
4  Motion for Partial Summary Judgment" and a "First Amended Memorandum of
5  Points of Authorities in Support of Plaintiffs' Motion to Exclude Opinions and
6  Testimony of Dean P. Felton" that complies with the Local Rule. As before, the
7  Court grants leave to file a 28-page summary judgment brief. Counsel shall deliver
8  courtesy copies to chambers.
9        Second, the Court grants Plaintiffs' ex parte motion to file an opposition to
10 Defendant's request for judicial notice. [Doc. No. 384] While the Court overrules
11 Defendant's objection, Defendant may file a two-page reply brief within fourteen
12 days.
13       Finally, Plaintiffs timely object to the Magistrate Judge's Order Denying
14 Sanctions. Fed. R. Civ. P. 72(a). Defendant requests leave to file its responsive
15 brief under seal because it contains references to confidential documents.
16       This request is overbroad. There is a presumptive right of public access to
17 court records based upon the common law and the first amendment. *See Nixon v.*
18 *Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v.*
19 *General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless,
20 access may be denied to protect sensitive confidential information. *E.g., KL Group*
21 *v. Case, Kay, & Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from
22 attorney); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D. Nev.1993)
23 (confidential settlement agreement). Parties seeking a sealing order must provide a
24 specific description of particular documents and affidavits showing good cause to
25 protect those documents from disclosure. Documents filed under seal will be
26 limited to <u>only those documents, or portions thereof, necessary to protect such
27 sensitive information</u>.
28       Consequently, the Court denies the motion to seal the entire memorandum of

1 points of authorities. [Doc. No. 403]  Most of the information in a legal brief can be
2 disclosed to the public without violating the protective order.  The Court instructs
3 counsel to redact only those portions of the brief that disclose confidential
4 information and to file a redacted brief on the public record within fourteen days of
5 the filing of this order.[2]  Counsel shall promptly provide a courtesy copy of the
6 unredacted brief to chambers.

**IT IS SO ORDERED**.

DATED: May 21, 2013

HON. GONZALO P. CURIEL
United States District Judge

---

[2] Any member of the public may challenge the sealing of a particular document. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999).