# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., CHICAGO TITLE INSURANCE CO., and CHICAGO TITLE CO.,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURG, PA,<br><br>Defendant. | CASE NO. 09-CV-140-GPC-KSC<br><br>ORDER GRANTING LEWIS BRISBOIS' MOTION TO WITHDRAW AS CO-COUNSEL FOR DEFENDANT NATIONAL UNION<br><br>[Doc. No. 448] |

Now before the Court is the motion of Lewis Brisbois Bisgaard & Smith LLP to withdraw as counsel of record for Defendant National Union ("NU") in this longstanding civil action. The Court announced its decision to grant the motion at the expedited hearing on June 29, 2015, and issues this brief Order to memorialize its reasoning.

Lewis Brisbois has been NU's counsel in this complex case since at least October 2008, when Plaintiffs Fidelity National Financial, Inc., Chicago Title Insurance Co., and Chicago Title Co. ("FNF") first sued its insurance carriers. [Doc. No. 1] In September 2014, the Court granted FNF's motion for partial summary judgment on liability, holding that NU breached the fidelity bond and engaged in bad faith by unreasonably withholding payment from its insured. [Doc. No. 427] The Court found NU liable for breach of the implied covenant based on NU's failure to

consider and analyze coverage for forgery by the non-employee. [*Id.* at 57-58, 68] An insurer's duty of good faith continues during litigation, and the Court agreed with FNF's assertion that NU "pursued a burdensome and expensive litigation strategy." [*Id.* at 63, 82-85] After NU lost the summary judgment motions, it hired Sedgwick Detert Moran and Arnold, LLP. That second law firm argued a motion for reconsideration in December 2014. The Pretrial Conference is scheduled for August 21, 2015.

In a civil case, the trial court has discretion whether to grant or deny a motion to withdraw as counsel. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). "When ruling on a motion to withdraw, courts may consider the disruptive impact that the withdrawal will have on the prosecution of the case." *Byrd v. D.C.*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003). In addition to the efficient and fair administration of justice, courts may also consider the reasons why withdrawal is sought and whether the change will prejudice the client and other litigants. *E.g., Nehad v. Mukasey*, 535 F.3d 962, 968-72 (9th Cir. 2008); *Whiting v. Lacara*, 187 F.3d 317, 320-23 (2d Cir. 1999); *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996).

On balance, the Court concludes that the equities favor allowing Lewis Brisbois to withdraw. Even though trial is fast approaching, NU is a sophisticated corporate litigant and consents to the change. NU is represented by another law firm. *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (corporation cannot appear *pro se*). Michael Davisson appeared for NU's co-counsel Segdwick to confirm that the firm is ready for trial and that NU will not rely on the change of counsel as a reason to continue the pretrial schedule. The Court discerns no unfair prejudice to FNF. Importantly, the change will not delay the resolution of the case because the remaining dates are firm.

NU has not explained its decision for changing law firms so close to trial. FNF speculates that NU intends to use the withdrawal of Lewis Brisbois to defend against FNF's claim for compensatory and punitive damages on the bad faith tort claim. FNF

asks the Court to bar evidence and argument suggesting that NU, by distancing itself from the attorneys who executed the "combative" litigation strategy, has disavowed any unreasonable conduct during this litigation. [Doc. No. 427 at 57-58, 63, 68, 82-85.] The Court denies the request to place this condition on Lewis Brisbois' withdrawal from the case. The facts show the dates when Lewis Brisbois represented NU. The Court will address the admission of evidence and the scope of appropriate argument concerning the issue arises it during the damages trial.

## Conclusion

Upon due consideration of the arguments of counsel and for the reasons stated above, the Court grants Lewis Brisbois Bisgaard & Smith LLP's motion to withdraw as co-counsel of record for Defendant National Union Fire Insurance Company of Pittsburgh, P.A. [# 448] The Clerk of the Court shall update the docket to terminate from this civil action the five attorneys who were originally associated with that law firm, including Dana Fox, David Reynolds, Kenneth Watnick, Rebecca Weinreich, and Stephen Kovarik.[1] The Court will not permit Defendant NU to rely on the change of counsel as the basis to request any delay or continuance in this matter.

**IT IS SO ORDERED**.

DATED: July 10, 2015

HON. GONZALO P. CURIEL
United States District Judge

---

[1] Although Lewis Brisbois' motion did not expressly request withdrawal of Watnick and Reynolds, those two attorneys previously moved to other law firms.